VICTOR KELLY, PETITIONER-RESPONDENT, v.
ALARMTEC, INC., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 12, 1978—Decided June 26, 1978.

Before Judges MICHELS, PRESSLER and BILDER.

*Mr. B. George Worobec* argued the cause for appellant (*Messrs. Carpenter, Bennett & Morrissey,* attorneys; *Mr. Arthur M. Lizza,* of counsel).

*Mr. Thomas H. Green* argued the cause for respondent.

PER CURIAM. Respondent-employer appeals from a judgment of the Division of Workers' Compensation awarding petitioner-employee compensation benefits for temporary and permanent disability for total loss of vision and enucleation of the right eye as the result of a work-related accident. The judge of compensation found that petitioner was an employee of respondent and not an independent contractor, and accordingly held respondent liable for 100% loss of vision and enucleation of the right eye. The judge of compensation found that the respondent was not entitled to credit for moneys paid to petitioner for a prior non-work-related injury to that eye.

We have examined the entire record, having in mind the "control test" and the "relative nature of the work test," and are satisfied that an employer-employee relationship existed between petitioner and respondent.

Two basic tests have been employed by our courts in resolving whether an injured petitioner is an "employee" entitled to compensation or an "independent contractor" not so entitled. Generally, where a respondent has the right to exercise control over the means and methods by which the petitioner is to accomplish his work, an employer-employee relationship will be found. *See Tofani v. Lo Biondo Brothers Motor Express, Inc.*, 83 *N. J. Super.* 480, 486–487 (App. Div. 1964), aff'd o.b. 43 *N. J.* 494 (1964). Where the "relative nature of the work" test is applied, the court will inquire into whether the work done by the petitioner was an integral part of the regular business of the respondent. If such is found then the court will determine that an employment relationship existed. See the dissenting opinion in *Marcus v. Eastern Agricultural Assn, Inc.*, 58 *N. J. Super.* 584, 596 (App. Div. 1959) which the Supreme Court adopted in 32 *N. J.* 460 (1960). *Cf. Caicco v. Toto Brothers, Inc.*, 62 *N. J.* 305 (1973). [*Rossnagle v. Capra and Shell Oil Co.*, 127 *N. J. Super.* 507, 517 (App. Div. 1973), aff'd o.b. 64 *N. J.* 549 (1974)]

See also, *Smith v. E.T.L. Enterprises*, 155 *N. J. Super.* 343, 349–353 (App. Div. 1978).

The determination by the judge of compensation that petitioner was an employee of respondent, not an independent contractor, could reasonably have been reached on sufficient credible evidence in the record as a whole. *De Angelo v. Alsan Masons, Inc.*, 122 *N. J. Super.* 88, 89–90 (App. Div.), aff'd o. b. 62 *N. J.* 581 (1973); *Close v. Kordulak Bros.*, 44 *N. J.* 589, 599 (1965).

■ Furthermore, we are satisfied that there is sufficient credible evidence in the record to reasonably warrant the judge of compensation's findings and conclusions that petitioner (1) had some useful vision in his right eye prior to the present accident; (2) his vision was lost as a result of the accident and (3) he is entitled to compensation benefits for total loss of vision and enucleation of the right eye. See *N. J. S. A.* 34:15–12(c)(16) and *N. J. S. A.* 34:15–12 (c)(17).

We find no merit in respondent's claim that since the evidence established that petitioner was industrially blind prior to the present work-related accident there is no legal

basis upon which respondent can be held liable for petitioner's alleged loss of vision under *N. J. S. A.* 34:15–12(c)(16). See *Burrock v. Tung Sol Lamp Works, Inc.,* 30 *N. J. Super.* 456, 466 (Cty. Ct. 1954), wherein Judge Gaulkin rejected a similar argument, stating:

> In my opinion *subdivision* (*s*) of *R. S.* 34:15–12 means loss of the petitioner's vision, and not loss of vision of a perfect eye. In the case at bar, the petitioner did have some useful vision of his right eye, and that useful vision he lost completely. I therefore agree with the deputy that petitioner was entitled to 100% loss of vision of his right eye.

█ It is firmly settled that an employer takes his employee as he is, handicapped by any physical or mental impairments, whether or not observable, which, when subjected to accidental work-related injury, may result in greater disability than would follow if such impairment were not present. Thus, if a compensable injury acting on the already existing impairment produces greater disability than might ordinarily flow therefrom, it has been uniformly held that the award of workers' compensation must equal the full extent of the impairment. *Belth v. Anthony Ferrante & Son, Inc.,* 47 *N. J.* 38, 45–46 (1966). While petitioner may have been industrially blind prior to the compensable accident, he nevertheless had some useful vision which was lost as a result of this accident. He is entitled now to recover for the full extent of his disability — total loss of vision of the right eye.

█ Additionally, we agree with the judge of compensation that respondent is not entitled to any credit for the moneys received by petitioner as a result of the prior non-work-related eye injury. *N. J. S. A.* 34:15–12(d) provides:

> If previous loss of function to the body, head, a member or an organ, due to any previous compensable accident or accidents, is established by competent evidence, and subsequently an injury arising out of and in the course of an employment occurs to that part of the body, head, member or organ, where there was a previous loss,

then and in such case, the employer or his insurance carrier at the time of the subsequent injury shall not be liable for any loss for which compensation has previously been paid or awarded. In either event, credit shall be given the employer or his insurance carrier to the extent of the previous loss for which compensation has been paid.

█ Thus, an employer is not liable for any prior loss or function to the body, head, member or organ, such as an eye, where the loss is due to a previous compensable accident. Here, petitioner's previous eye injury was not due to a prior compensable accident, and he did not receive any compensation for it.

Affirmed.